IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IBRAHIM HALIL HERDEM,<br><br>                  Petitioner,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; and JEROME KRAMER, Sheriff of Lincoln County Jail, Nebraska, custodian of detainees of the Lincoln County Jail In his official capacity<br><br>                  Respondents. | 7:26CV5001<br><br>ORDER TO SHOW CAUSE |

## I. INTRODUCTION

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Ibrahim Halil Herdem, an alien who is a citizen of Turkey, challenges his detention by Immigration and Customs Enforcement (ICE) without mandatory custody reviews required by 8 C.F.R. § 241.4, without responding to his inquires, and without providing evidence that removal to a third country is significantly likely in the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Filing 1 at 2 (¶¶ 3–5). He alleges,

> Petitioner's prolonged detention therefore violates the Due Process Clause of the Fifth Amendment and exceeds the statutory authority conferred by 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Filing 1 at 2 (¶ 6). He also asserts that he has not received dental treatment despite a condition requiring a root canal. Filing 1 at 2 (¶ 7). As relief,

> Petitioner requests that this Court grant his Writ of Habeas Corpus and order his immediate release. In the alternative, Petitioner respectfully requests that this Court

1

order Respondents to show cause why this Petition should not be granted within three days. *See* 28 U.S.C. § 2243.

Filing 1 at 3 (¶ 8).

More specifically, Herdem asserts four causes of action for relief. In Count I, he asserts violation of substantive due process under the Fifth Amendment, based on his allegation, "Because Petitioner's removal is not significantly likely in the reasonably foreseeable future, his continued detention is not reasonably related to a legitimate, non-punitive government interest." Filing 1 at 15 (¶ 68). In Count II, he asserts violation of 8 U.S.C. § 1231(a)(6) and "the *Zadvydas* limitation," based on the following allegations:

> 71. Under *Zadvydas*, the government's authority to detain under § 1231(a)(6) is limited to the period "reasonably necessary" to effectuate removal.
>
> 72. Petitioner's cumulative detention exceeds the six-month presumptively reasonable period.
>
> 73. Because Respondents cannot demonstrate "legitimate progress" toward removal, the statutory authority for Petitioner's detention has expired.

Filing 1 at 15 (¶¶ 71–73). In Court III, he asserts violation of procedural due process under the Fifth Amendment based on his allegation, "Respondents have failed to provide Petitioner with a constitutionally adequate custody review and have further failed to provide notice and an opportunity to seek protection from third-country removal, violating the rule in *Gomez v. Mattos*, 2025 WL 3101994." Filing 1 at 16 (¶ 76). Finally, in Count III, he asserts violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706, based on the following allegations:

> 78. Respondents' failure to follow the mandatory custody review procedures set forth in 8 C.F.R. § 241.4 and § 241.13 is arbitrary, capricious, and an abuse of discretion.
>
> 79. Respondents' failure to either remove Petitioner or release him constitutes "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1).
>
> 80. Respondents' policy of "surprise" third-country removal lacks reasoned decisionmaking and must be set aside under 5 U.S.C. § 706(2)(A).

2

Filing 1 at 16 (¶¶ 78–80).

Herdem requests that the Court provide extensive relief:

1. Assume jurisdiction over this matter;

2. Grant the petition for a writ of habeas corpus;

3. Issue an order directing Respondents to show cause within three (3) days why the Writ should not be granted, pursuant to 28 U.S.C. § 2243;

4. Issue an order prohibiting Respondents from transferring Petitioner outside of this judicial district during the adjudication of this Petition without the fear-based protections required by law;

5. Expedite consideration of this action pursuant to 28 U.S.C. § 1657 because it is an action brought under 28 U.S.C. § 153;

6. Declare that Respondents' actions or omissions violate the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

7. Grant a writ of habeas corpus directing Respondents to immediately release Petitioner from their custody;

8. Permanently enjoin Respondents from removing Petitioner to any third country without providing at least thirty (30) days' advance written notice and a meaningful opportunity to seek fear-based protection (Withholding of Removal or CAT) before an Immigration Judge, consistent with the requirements of Procedural Due Process;

9. Award Petitioner reasonable attorney's fees and costs of this action under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and any other applicable law; and

10. Grant such other and further relief as the Court deems just and proper.

Filing 1 at 16–17 (Prayer for Relief).

Although Herdem has filed no proof of service on any Respondent and has filed no Motion for an Order to Show Cause pursuant to 28 U.S.C. § 2243, the Court concludes that it should now enter an Order to Show Cause.

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

> As to the applicable procedure for habeas actions, § 2243 provides as follows:
>
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Herdem's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Herdem's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Herdem's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Herdem the opportunity for a written reply after Respondents make their return but before the show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Herdem's reply depend upon service of the Respondents, the Court will not set a date and time for the show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

5

1. Petitioner Herdem shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3. Respondents shall make a return certifying the true cause of Herdem's detention and why his Petition should not be granted not later than three business days after receipt of service of Herdem's Petition and this Order to Show Cause;

4. Petitioner Herdem shall have three business days after Respondents file their return(s) to file any reply.

5. Upon the filing of Herdem's proof of service of the Petition and this Show Cause Order, the Court will promptly set a hearing on this matter.

Dated this 2nd day of February, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge